**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION - SPRINGFIELD**

| | |
|---|---|
| **ROBIN ASTORE,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**SANTANDER CONSUMER USA, INC., RESOLVION, LLC, and SKYLINE RECOVERY SERVICE,**<br><br>**Defendants.** | **Civil Case Number:**<br><br>**CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ROBIN ASTORE, ("Plaintiff"), a Massachusetts resident, brings this Complaint by and through undersigned counsel, against Defendant SANTANDER CONSUMER USA, INC., Defendant RESOLVION, LLC, and Defendant SKYLINE RECOVERY SERVICE (collectively, "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).
2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the events in question took place in this judicial District.

## NATURE OF THE ACTION

3. Plaintiff brings this action after Defendants breached the peace and illegally repossessed her vehicle over her objections, in violation of the Massachusetts UCC. Plaintiff also brings a claim against Defendant RESOLVION, LLC, and Defendant SKYLINE RECOVERY SERVICE for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages, punitive damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff Robin Astore is a natural person and a resident of Berkshire County, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).
6. Defendant Santander Consumer USA, Inc. ("Santander") is a financial institution headquartered in Dallas, Texas.
7. Defendant Resolvion, LLC ("Resolvion"), is a limited liability company that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its principal place of business in Raleigh, North Carolina.
8. Upon information and belief, Defendant Resolvion is a company that uses the mail, telephone, or facsimile in a business whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders.
9. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Resolvion is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).
10. Defendant Skyline Recovery, LLC ("Skyline") is a repossession company, with its principal place of business in Plainfield, Connecticut.
11. Upon information and belief, Defendant Skyline is a company that uses the mail, telephone, or facsimile in a business whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders.
12. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Skyline is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff owns a 2017 Jeep Compass (the "Vehicle"), which was purchased through a loan from

Defendant Santander.

14. Plaintiff purchased and used the Vehicle for personal, family, and household purposes.
15. Prior to June 25, 2025, Plaintiff fell behind on her payments on the Santander loan due to unexpected household expenses.
16. The money owed on the Santander loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).
17. As a result, Santander contracted with Defendant Resolvion to repossess the Plaintiff's Vehicle.
18. Upon information and belief, Resolvion does not perform any repossessions itself in Massachusetts, but contracts with repossession companies to carry out the actual repossessions, a fact which was known to Santander.
19. Upon information and belief, after being contracted by Santander to repossess the Plaintiff's vehicle, Resolvion arranged for Defendant Skyline to carry out the actual repossession.
20. Upon information and belief, after being contracted by Resolvion to repossess the Plaintiff's vehicle, Skyline proceeded to carry out the actual repossession.
21. On or about June 25, 2025, at approximately 12:20 p.m., the Vehicle was lawfully parked outside Plaintiff's workplace in Pittsfield, Massachusetts, where Plaintiff was present and working.
22. At that time, one of Plaintiff's co-workers alerted Plaintiff that a tow truck – later identified as belonging to Defendants – was about to repossess her vehicle.
23. Upon discovering that her Vehicle was being repossessed, Plaintiff immediately exited the building and objected to the repossession, telling Defendants' repo agents that they could not take her vehicle at that time.
24. Plaintiff repeatedly objected to the repossession, begging the Defendants' repo agents to put her car down, not to take her vehicle.
25. Defendants' repo agents did not care, demanded that Plaintiff hand over the keys to the Vehicle, and continued their repossession efforts.

26. Despite Plaintiff's clear, repeated, and unequivocal objections, Defendants' repo agents completed the illegal repossession of the Vehicle.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against Resolvion and Skyline)**

27. Plaintiff repeats and realleges the foregoing allegations in paragraphs 13-26 as if fully set forth herein.

28. Plaintiff brings this Count against Defendants Resolvion and Skyline.

29. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

30. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C) the property is exempt by law from such dispossession or disablement.

31. Massachusetts law only permits self-help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. M.G.L. c. 255B, § 20B(a), see also c. 106, § 9-609(b).

32. Defendants breached the peace by continuing to repossess Plaintiff's vehicle over the unequivocal objections of the Plaintiff.

33. Because the repossession was only accomplished via a breach of the peace, the Defendants did not have the present right to possession of the Plaintiffs' vehicle at that time, and Plaintiff's vehicle was also clearly exempt from repossession or disablement at that time.

34. As a result, the Defendants violated 15 USC § 1692f(6) when they repossessed the Plaintiffs' vehicle on June 25, 2025.

35. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting her to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and by subjecting the Plaintiff to false, deceptive, unfair, or unconscionable means to collect a debt.

36. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by depriving her of the use of her vehicle and by wasting the Plaintiff's time in trying to recover her vehicle.

37. By reason thereof, Defendants Resolvion and Skyline are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

**COUNT II**

**UNLAWFUL BREACH OF THE PEACE**
**M.G.L. c. 106, § 9–609 *et seq.***
**(Against All Defendants)**

38. Plaintiff repeats and realleges the foregoing allegations in paragraphs 13-26 as if fully set forth herein.

39. Plaintiff brings this Count against all Defendants.

40. Massachusetts law only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. M.G.L. c. 255B, § 20B(a), see also c. 106, § 9 609(b).

41. Defendants breached the peace by continuing to repossess Plaintiff's vehicle over the unequivocal objections of the Plaintiff.

42. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Doucette v. Belmont Savings Bank*, 34 Mass.

L. Rptr. 183 (Mass. Super. April 14, 2017). As such, Resolvion's and Skyline's breach of the peace is imputed upon Santander.

43. As a direct and proximate result of the Defendants' breach of the peace repossession,

44. Plaintiff suffered damages as set forth above.

**COUNT III**

**UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE**
**M.G.L. c. 93A, § 9, *et seq.***
**(Against All Defendants)**

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 13-26 with the same force and effect as if the same were set forth at length herein.

46. At all relevant times, the Defendants were engaged in trade or commerce.

47. The Defendants unfairly and deceptively directly or indirectly collected on the Plaintiff's loan with Santander via non judicial repossession of the vehicle without a present right to possession and in violation of chapter c. 106, § 9 609(b).

48. More than thirty days before this lawsuit was filed a demand letter was mailed to each Defendant, setting forth Plaintiff's claim under General Laws c. 93A.

**COUNT IV**

**CONVERSION**
**(Against All Defendants)**

49. Plaintiff repeats and realleges the foregoing allegations in paragraphs 13-26 as if fully set forth herein.

50. Plaintiff brings this Count against all Defendants.

51. As set forth above, each of the Defendants wrongfully repossessed the Plaintiff's vehicle by illegally breaching the peace during the repossession.

52. The Defendants then held Plaintiffs' vehicle for a period of time, thereby exercising control over

the Plaintiff's property.

53. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff by depriving her of her vehicle and her property. Defendants further harmed the Plaintiff in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle, and by subjecting her to unfair and unconscionable means to collect a debt. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration, embarrassment and wasted time.

54. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding Plaintiff actual damages incurred;

(b) awarding Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) awarding Plaintiff punitive damages;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 26, 2026

By: /s/ Kevin Crick
Kevin Crick, Esq.

BBO: 680950
Rights Protection Law Group, PLLC
75 State Street, Suite 100
Boston, MA 02109
Phone: (844) 574-4487
Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
yzelman@marcuszelman.com
*Attorney for Plaintiff*
***Pro Hac Vice To Be Filed***