**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBIN ASTORE,<br>Plaintiff,<br>v.<br>SANTANDER CONSUMER USA, INC., RESOLVION, LLC, and SKYLINE RECOVERY SERVICE,<br>Defendants. | Civil Action No. 3:26-cv-30082-MGM |

**DEFENDANT SANTANDER CONSUMER USA INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Santander Consumer USA Inc. ("***Santander***") hereby makes this its answer to Plaintiff Robin Astore's ("***Plaintiff***") Complaint:

**JURISDICTION AND VENUE**

1. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Santander denies the allegations.

2. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Santander denies the allegations.

**ALLEGED NATURE OF THE ACTION**

3. Admitted that Plaintiff filed the instant Complaint. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Santander denies the allegations.

4. The Complaint to which reference is made speaks for itself. To the extent a response is required, Santander denies that it is liable to Plaintiff for statutory damages, actual damages, or attorneys' fees and costs.

## PARTIES

5. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. Admitted.

7. Santander admits that it is an auto finance company and that its principal place of business is located in Dallas, Texas.

8. The allegations are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. The allegations are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. The allegations are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied because Santander is

presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ALLEGATIONS OF FACT**

13. Plaintiff's allegation that she owns the 2017 Jeep Compass (the "***Vehicle***") is denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Insofar as this paragraph references the Retail Installment Sale Contract dated March 20, 2023 (the "***RISC***") that provided financing for Plaintiff's purchase of the Vehicle, Santander states that the RISC speaks for itself, and denies any allegations that are inconsistent with the RISC.

14. Insofar as this paragraph references the RISC, that document speaks for itself and Santander denies any allegations that are inconsistent with the RISC. Plaintiff's allegations concerning the purpose for purchasing and use of the Vehicle are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Admitted that Plaintiff did not make timely payments under the RISC prior to June 25, 2025. The remaining allegations in this paragraph are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of those allegations.

16. The allegations in this paragraph contain legal conclusions to which no response is required.

17. Admitted that Santander engaged defendant ALSR Holdings, LLC d/b/a Resolvion, GP, improperly named as Resolvion, LLC ("***Resolvion***"), to repossess the Vehicle after Plaintiff failed to make timely payments under the RISC.

18. The allegations are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Admitted.

20. Admitted.

21. The allegations are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. Santander denies that it owns the referenced tow truck. The remaining allegations in this paragraph are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of those allegations.

23. The allegations are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. The allegations are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. The allegations are denied because Santander is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Santander denies the allegations.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f *et seq*.

**(Against Resolvion and Skyline)**

27. Santander repeats and incorporates by reference its responses to Plaintiff's allegations in the previous paragraphs as if fully set forth herein.

28. The allegations in this paragraph are not directed at Santander, accordingly, no response is required. To the extent a response is required, Santander denies the allegations in this paragraph.

29. The allegations in this paragraph are not directed at Santander and contain legal conclusions, accordingly, no response is required. To the extent a response is required, Santander denies the allegations.

30. The allegations in this paragraph are not directed at Santander and contain legal conclusions, accordingly, no response is required. To the extent a response is required, Santander denies the allegations.

a. The allegations in this paragraph are not directed at Santander and contain legal conclusions, accordingly, no response is required. To the extent a response is required, Santander denies the allegations.

b. The allegations in this paragraph are not directed at Santander and contain legal conclusions, accordingly, no response is required. To the extent a response is required, Santander denies the allegations.

31. The allegations in this paragraph are not directed at Santander and contain legal conclusions, accordingly, no response is required. To the extent a response is required, Santander denies the allegations.

32. The allegations in this paragraph are not directed at Santander and contain legal conclusions, accordingly, no response is required. To the extent a response is required, Santander denies the allegations.

33. The allegations in this paragraph are not directed at Santander and contain legal conclusions, accordingly, no response is required. To the extent a response is required, Santander denies the allegations.

34. The allegations in this paragraph are not directed at Santander and contain legal conclusions, accordingly, no response is required. To the extent a response is required, Santander denies the allegations.

35. The allegations in this paragraph are not directed at Santander and contain legal conclusions, accordingly, no response is required. To the extent a response is required, Santander denies the allegations.

36. The allegations in this paragraph are not directed at Santander and contain legal conclusions, accordingly, no response is required. To the extent a response is required, Santander denies the allegations.

37. The allegations in this paragraph are not directed at Santander and contain legal conclusions, accordingly, no response is required. To the extent a response is required, Santander denies the allegations.

**COUNT II**

**UNLAWFUL BREACH OF THE PEACE**
**M.G.L. c. 106, § 9-609 *et seq*.**

**(Against All Defendants)**

38. Santander repeats and incorporates by reference its responses to Plaintiff's allegations in the previous paragraphs as if fully set forth herein.

39. The Complaint to which reference is made speaks for itself. To the extent a response is required, Santander denies that Defendants are liable to Plaintiff.

40. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Santander denies the allegations.

41. Denied.

42. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Santander denies the allegations.

43. Denied.

44. Denied.

## COUNT III

## UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE M.G.L. c. 93A, § 9, *et seq*.

## (Against All Defendants)

45. Santander repeats and incorporates by reference its responses to Plaintiff's allegations in the previous paragraphs as if fully set forth herein.

46. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Santander denies the allegations.

47. Denied.

48. Denied.

## COUNT IV

## CONVERSION

## (Against All Defendants)

49. Santander repeats and incorporates by reference its responses to Plaintiff's allegations in the previous paragraphs as if fully set forth herein.

50. The Complaint to which reference is made speaks for itself. To the extent a response is required, Santander denies that Defendants are liable to Plaintiff.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

**PRAYER FOR RELIEF**

WHEREFORE, Santander denies that Plaintiff is entitled to recover any of the relief she requested in the Complaint and requests that this Court enter judgment in Santander's favor on Counts II-IV of the Complaint and any other relief as this Court may deem appropriate.

**FIRST AFFIRMATIVE DEFENSE**

Santander states that the Complaint must be dismissed for failure to state a claim which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Santander states that the Complaint must be dismissed because Plaintiff failed to join an indispensable party, namely, the co-buyer on the RISC.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any losses, damages, or injuries alleged in the Complaint were caused, in whole or in part, by the intervening or superseding acts of third parties over whom Santander had no control and for whose actions Santander is not legally responsible.

**FOURTH AFFIRMATIVE DEFENSE**

Santander states that any alleged statutory violation was unforeseeable. Therefore,

Santander had neither a duty nor an opportunity to take steps to prevent the alleged harm.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has not sustained any harm, injury, or damages as a result of the allegations made in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, waiver, and laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Any damages Plaintiff may have suffered, which Santander denies, were the direct and proximate result of the conduct of the Plaintiff. Plaintiff is, therefore, estopped and barred from recovery of damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Any damages Plaintiff may have suffered, which Santander denies, were caused at least in part by Plaintiff and resulted from Plaintiff's actions, which equaled or exceeded any alleged wrongdoing by Santander.

**NINTH AFFIRMATIVE DEFENSE**

The Court does not have jurisdiction over this dispute, and all claims are barred, because the parties agreed that all disputes would be resolved by binding arbitration.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff executed a valid and enforceable release.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent any wrongful conduct occurred, which Santander denies, such conduct was performed by independent contractors over whom Santander did not exercise direct control,

supervision, or direction. Santander did not authorize, ratify, or have knowledge of any allegedly wrongful acts by such independent contractors. Santander is not vicariously liable for the acts, omissions, or negligence of such independent contractors.

**TWELFTH AFFIRMATIVE DEFENSE**

Santander gives notice that it intends to rely upon any other defenses that may become available in the litigation and reserves its right to amend the answer to assert further defenses.

Dated: July 13, 2026

Respectfully submitted,

**SANTANDER CONSUMER USA INC.**

By its attorneys:

/s/ *Elizabeth Fegreus*
Michael T. Grant, BBO #677893
Elizabeth Fegreus, BBO #694514
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110
Tel.: 857-488-4214
Fax: 857-488-4201
mtgrant@duanemorris.com
efegreus@duanemorris.com

**CERTIFICATE OF SERVICE**

I, Elizabeth Fegreus, hereby certify that the foregoing *Defendant Santander Consumer USA Inc.'s Answer to Plaintiff's Complaint*, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent out to those indicated as non-registered participants on this 13th day of July, 2026.

*/s/ Elizabeth Fegreus*
Elizabeth Fegreus