**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION - SPRINGFIELD**

| | |
|---|---|
| ROBIN ASTORE,<br><br>Plaintiff<br><br>v.<br><br>SANTANDER CONSUMER USA, INC., RESOLVION LLC, AND SKYLINE RECOVERY SERVICE,<br><br>Defendants. | DOCKET NO.: 3:26-CV-30082-MGM<br><br>A CIVIL ACTION |

**DEFENDANT RESOLVION'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant ALSR Holdings, LLC dba Resolvion, GP, improperly named as Resolvion, LLC, ("Resolvion" or "Answering Defendant"), by and through its counsel, Mardic Marashian, Esquire, Bonin & Marashian PC, by way of Answer and Affirmative Defenses to the Complaint filed on behalf of Plaintiff, Robin Astore ("Astore" or "Plaintiff"), respectfully states and avers as follows:

**JURISDICTION AND VENUE**

1. The allegations set forth constitute legal conclusions to which no response is required except all allegations of wrongful conduct or violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq (the "FDCPA") are denied.

2. The allegations set forth constitute legal conclusions to which no response is required,

**NATURE OF THE ACTION**

3. Resolvion specifically denies all of the allegations contained in paragraph 3 regarding improper repossession, and breach of peace. Further, to the extent directed at Resolvion,

it denies as legal conclusions to which no responsive pleading is required all allegations of negligent or willful violations of the FDCPA or Massachusetts General Laws 255 B, §20B, Chapter 93A and the UCC, or common law. (collectively "Massachusetts Laws")

4. Resolvion denies violating the FDCPA or the Massachusetts Laws or otherwise causing Plaintiff any harm for which she is entitled to relief.

5. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied.

6. The allegations are directed to a "party" other than Resolvion, and therefore, no answer is required.

7. The allegations are denied as stated. It is admitted solely that Resolvion is lawfully engaged in certain security interest enforcement, collateral repossession management services and other services. It is expressly denied that Resolvion is a "debt collector" or subject to the FDCPA under the circumstances.

8. The allegations are denied as stated. It is admitted solely that Resolvion is lawfully engaged in certain security interest enforcement, collateral repossession management services and other services. It is expressly denied that Resolvion is a "debt collector" or subject to the FDCPA under the circumstances.

9. The allegations are denied as conclusions of law to which no response is required. It is expressly denied that Resolvion is a "debt collector" or subject to the FDCPA under the circumstances.

10. The allegations are directed to a party or parties other than Resolvion, and therefore, no answer is required.

11. The allegations are directed to a "party" other than Resolvion, and therefore, no answer is required.

12. The allegations are directed to a "party" other than Resolvion, and therefore, no answer is required, except to deny as a conclusion of law that Skyline was a debt collector under the circumstances.

**ALLEGATIONS**

13. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied, except, upon reasonable investigation, believes that Santander held a valid and enforceable security interest in the Vehicle.

14. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied.

15. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied, except, upon reasonable investigation, believes that Plaintiff was in default which entitled Santander to take action to secure its security interest in the Vehicle.

16. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied.

17. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied, but upon reasonable investigation, believes Santander was duly granted a security interest in the Vehicle and, pursuant to a services agreement requested that Resolvion enforce Santander's rights to the collateral.

18. Denies the allegations as stated, and admits solely that Resolvion put out a request to enforce the security interest in the collateral (the Vehicle) by a repossession in compliance with and pursuant to all applicable laws and statutes.

19. Denies the allegations as stated, and admits solely that Resolvion put out a request to enforce the security interest in the collateral (the Vehicle) by a repossession in compliance with and pursuant to all applicable laws and statutes to which, upon reasonable investigation, Skyline responded.

20. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations, except, upon reasonable investigation, it is believed Skyline responded and duly and lawfully repossessed the Vehicle.

21. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations.

22. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied, except expressly denies it violated any law or statute and denies it owns the "tow truck" described in the Complaint.

23. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied, except expressly denies it violated any law or statute or causing Plaintiff any harm for which she is entitled to relief.

24. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied, except expressly denies it violated any law or statute or causing Plaintiff any harm for which she is entitled to relief.

25. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied, except expressly denies it violated any law or statute or causing Plaintiff any harm for which she is entitled to relief.

26. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied, except expressly denies it violated any law or statute or causing Plaintiff any harm for which she is entitled to relief.

**COUNT I – PLAINTIFF v. RESOLVION and SKYLINE**

27. Resolvion incorporates ¶¶1 – 26 as though set forth at length herein.

28. The allegations directed to a party or parties other than Resolvion, and as such no response is required. To the extent that a response is required, Resolvion denies the allegations contained therein.

29. The allegations directed to a party or parties other than Resolvion, and as such no response is required. To the extent that a response is required, Resolvion denies the allegations contained therein as conclusions of law to which no response is required.

30. The allegations directed to a party or parties other than Resolvion, and as such no response is required. To the extent that a response is required, Resolvion denies the allegations contained therein as inapposite conclusions of law to which no response is required

31. The allegations directed to a party or parties other than Resolvion, and as such no response is required. However, upon reasonable investigation, Resolvion believes that there was no trespass or breach of peace.

32. The allegations directed to a party or parties other than Resolvion, and as such no response is required. However, upon reasonable investigation, Resolvion believes that there was no trespass or breach of peace.

33. The allegations directed to a party or parties other than Resolvion, and as such no response is required. However, upon reasonable investigation, Resolvion believes that there was no trespass or breach of peace.

34. The allegations directed to a party or parties other than Resolvion, and as such no response is required. However, upon reasonable investigation, Resolvion believes that there was no breach of peace.

35. The allegations directed to a party or parties other than Resolvion, and as such no response is required. However, upon reasonable investigation, Resolvion believes that there was no trespass or breach of peace.

36. The allegations directed to a party or parties other than Resolvion, and as such no response is required. However, upon reasonable investigation, Resolvion believes that there was no trespass or breach of peace and denies causing Plaintiff any harm for which she is entitled to relief.

37. The allegations directed to a party or parties other than Resolvion, and as such no response is required. However, denies the allegation and expressly denies violating the FDCPA or causing Plaintiff any harm for which she is entitled to relief, and upon reasonable investigation, Resolvion believes that there was no trespass or breach of peace.

**WHEREFORE**, Defendant respectfully demands a judgment in its favor and against the Plaintiff, and such other and further relief as this Court deems just and proper.

**COUNT II – VIOLATION OF MASSACHUSETTS LAWS – ALL DEFENDANTS**

38. Answering Defendant incorporates ¶¶ 1 – 37 as though set forth at length herein.

39. No response required.

40. Plaintiff purports to recite Massachusetts Laws and no response is required. To the extent that a response is required, Resolvion denies the allegations contained therein.

41. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied. However, upon reasonable investigation, Resolvion believes that there was no breach of peace. Resolvion specifically denies taking, authorizing or approving any improper, unlawful, unfair, deceptive, or unconscionable acts or conduct.

42. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied and further denies as conclusions and statements of law to which no response is required. However, upon reasonable investigation, Resolvion believes that there was no breach of peace. Resolvion specifically denies taking, authorizing or approving any improper, unlawful, unfair, deceptive, or unconscionable acts or conduct.

43. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied. However, upon reasonable investigation, Resolvion believes that there was no breach of peace. Resolvion specifically denies taking, authorizing or approving any improper, unlawful, unfair, deceptive, or unconscionable acts or conduct and further denies causing Plaintiff any harm for which she is entitled to relief.

44. See response to 43 above which is incorporated by reference. (The two paragraphs were apparently inadvertently split by Plaintiff.)

**WHEREFORE**, Defendant respectfully demands a judgment in its favor and against Plaintiff, and such other and further relief as this Court deems just and proper.

**COUNT III – M.G.L. Chapt. 93A – ALL DEFENDANTS**

45. Resolvion incorporates ¶¶1 – 44 as though set forth at length herein.

46. The allegations are denied as stated and further denied as conclusions of law to which no response is required.

47. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied. However, upon reasonable investigation, Resolvion believes that there was no breach of peace. Resolvion specifically denies taking, authorizing or approving any improper, unlawful, unfair, deceptive, or unconscionable acts or conduct and further denies causing Plaintiff any harm for which she is entitled to relief.

48. Resolvion specifically denies taking, authorizing or approving any improper, unlawful, unfair, deceptive, or unconscionable acts or conduct and further denies causing Plaintiff any harm for which she is entitled to relief.

**WHEREFORE**, Defendant respectfully demands a judgment in its favor and against Plaintiff, and such other and further relief as this Court deems just and proper.

**COUNT V – CONVERSION – ALL DEFENDANTS**

49. Resolvion incorporates ¶¶1 – 48 as though set forth at length herein.

50. No response required.

51. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied. However, upon reasonable investigation, Resolvion believes that there was no conversion, trespass or breach of peace. Resolvion specifically denies taking, authorizing or approving any improper, unlawful, unfair, deceptive, or unconscionable acts or conduct and further denies causing Plaintiff any harm for which she is entitled to relief.

52. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied. However, upon reasonable investigation, Resolvion believes that there was no conversion, trespass or breach of peace. Resolvion specifically denies taking, authorizing or approving any improper, unlawful, unfair, deceptive, or unconscionable acts or conduct and further denies causing Plaintiff any harm for which she is entitled to relief.

53. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied. However, upon reasonable investigation, Resolvion believes that there was no conversion, trespass or breach of peace. Resolvion specifically denies taking, authorizing or approving any improper, unlawful, unfair,

deceptive, or unconscionable acts or conduct and further denies causing Plaintiff any harm for which she is entitled to relief.

54. Resolvion lacks knowledge or information sufficient to form a belief about the truth of the allegations and those allegations are on that basis denied. However, upon reasonable investigation, Resolvion believes that there was no conversion, trespass or breach of peace. Resolvion specifically denies taking, authorizing or approving any improper, unlawful, unfair, deceptive, or unconscionable acts or conduct and further denies causing Plaintiff any harm for which she is entitled to relief.

55. No response required.

**WHEREFORE**, Defendant respectfully demands a judgment in its favor and against Plaintiff, and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by the statute of limitations.

3. The Complaint is barred by the doctrine of settlement and release.

4. The Complaint is barred due to failure of consideration.

5. The Complaint is barred by the doctrines of waiver and estoppel.

6. The plaintiff's claims are barred in whole or in part because the plaintiff failed to satisfy a condition precedent for her statutory claims, including but not limited to sending a valid demand letter or making the requisite presentment to the defendant.

7. The Complaint is barred because any acts and/or omissions complained of herein are the result of circumstances over which Resolvion has/had no control, and for which Resolvion are not responsible, and the cause of the incident for which suit has been filed, if any, is the acts

and/or omissions of others over which Resolvion had/have no control, and for which Resolvion are not responsible.

8. The Plaintiff's damages, if any, were not caused by Resolvion, but by others for which Resolvion is/was not responsible under the circumstances alleged.

9. Resolvion denies any liability; regardless of liability, however, the Plaintiff has suffered no damages as a result of the alleged violations of law for which she is entitled to relief.

10. The Complaint is barred by the Plaintiff's own conduct and/or failure to mitigate her damages, if any, or take other reasonable steps to avoid or reduce her alleged damages.

11. Plaintiff lacks standing.

12. The Complaint is barred by the doctrine of preemption.

13. The Complaint is barred by the "American rule" regarding attorney's fees and costs and the applicable Rules of Civil Procedure.

14. Resolvion asserts all affirmative defenses available under the statutory provisions cited in the Complaint.

15. Under the circumstances, Plaintiff is not a "consumer" as defined by 15 U.S.C. § 1692a(3) or otherwise.

16. Resolvion is not a "debt collector" as defined by 15 U.S.C. § 1692a(6) or otherwise.

17. Resolvion is not subject to the Fair Debt Collection Practices Act or the Massachusetts laws alleged.

18. Pursuant to 15 U.S.C. § 1692k(c) and other laws alleged, and otherwise, to the extent that a violation(s) is/are established, any such violation(s) was/were not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

19. To the extent that a violation(s) is/are established, any such violation(s) was/were not intentional and resulted from good faith reliance upon incorrect information.

20. The Plaintiff's claims are barred by the prohibition on cumulative remedies and penalties.

21. The Plaintiff's claims are barred by the bona fide error defense.

22. At all pertinent times, Resolvion acted in good faith reliance on the information provided by the creditor of the account at issue, and otherwise acted in good faith.

23. Plaintiff's claims are barred by the defenses set forth within the Uniform Commercial Code and interpretive case law.

24. Resolvion is not subject to the Massachusetts laws alleged.

25. Plaintiff's Consumer Protection Law claims, and other claims are barred by the absence of deception, justifiable reliance upon a false or misleading representation, causation, injury, or ascertainable loss.

26. Resolvion did not make any false or misleading representation to the Plaintiff or anyone else.

27. Plaintiff's damages pursuant to the statutes at issue, if any, are limited by the limitations upon remedies set forth in the statutes at issue.

28. Plaintiff's claims are barred because Resolvion acted in accordance and compliance with industry standards and customs and applicable federal and state laws.

29. Plaintiff's claims are barred by the laws of the United States of America, including but not limited to the United States Constitution's prohibition on excessive punitive damages, and the Commonwealth of Massachusetts.

30. Resolvion reserve its right to amend this pleading to assert additional affirmative defenses as may be revealed in discovery or otherwise.

Dated: July 21, 2026

Respectfully submitted,

*/s/Mardic A. Marashian*
Mardic A. Marashian, Esq. (BBO #548607)
Bonin & Marashian
1167 Massachusetts Ave.
Arlington, MA 02476
Telephone: (617) 303-4502
Fax: (617) 723-3163
E-Mail: mardic@boninmarashian.com

Pro Hac Vice to be filed
**SHERMAN SILVERSTEIN KOHL ROSE & PODOLSKY, P.A.**

By: /s/ *Bruce S. Luckman*
Bruce S. Luckman, Esquire (PA #38636)
308 Harper Drive, Suite 200
Moorestown, New Jersey 08057
Telephone: (856) 662-0700
Facsimile: (856) 661-2079
Bluckman@shermansilverstein.com
Attorneys for Defendant, ALS Resolvion, LLC

*Certificate of Service*

I certify that on July 21, 2026 I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that service will be accomplished by the CM/ECF system.

*/s/Mardic A. Marashian*

Mardic A. Marashian, Esq. (BBO #548607)
Bonin & Marashian
1167 Massachusetts Ave.
Arlington, MA 02476
Telephone: (617) 303-4502
Fax: (617) 723-3163
E-Mail: mardic@boninmarashian.com