**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ROBIN ASTORE,<br>*Plaintiff*,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC.,<br>RESOLVION, LLC and<br>SKYLINE RECOVERY SERVICE,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO.: 3:26-CV-30082-MGM |

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANT, SKYLINE RECOVERY SERVICE (MISNOMER)**

Defendant, Skyline Recovery Service (misnomer) ("Skyline"), by and through the undersigned counsel, response to Plaintiff's Complaint, as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent Paragraph 1 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

2. Paragraph 2 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent Paragraph 2 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

**NATURE OF THE ACTION**

3. Skyline denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 of Plaintiff's Complaint states a request for relief to which no response is required. To the extent Paragraph 4 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

**PARTIES**

5. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.

6. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

7. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and, therefore, denies the same.

8. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and, therefore, denies the same.

9. Paragraph 9 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent Paragraph 9 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

10. Skyline admits the allegations contained in Paragraph 10 of Plaintiff's Complaint, with the exception of Skyline's business type and principal place of business. Upon information

and belief, Skyline is registered as a foreign corporation within the Commonwealth of Massachusetts with a principal place of business located in Northampton, Massachusetts.

11. Skyline denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent Paragraph 12 of Plaintiff's Complaint can be construed to allege fact against Skyline, or otherwise requires a response, Skyline denies the allegations.

## ALLEGATIONS OF FACT

13. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same.

14. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same.

16. Paragraph 16 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent Paragraph 16 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

17. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.

18. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiff’s Complaint and, therefore, denies the same.

19. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff’s Complaint and, therefore, denies the same.

20. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Plaintiff’s Complaint.

21. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff’s Complaint and, therefore, denies the same.

22. Skyline lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff’s Complaint and, therefore denies the same.

23. Skyline denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Skyline denies the allegations contained in Paragraph 24 of Plaintiff’s Complaint.

25. Skyline denies the allegations contained in Paragraph 25 of Plaintiff’s Complaint.

26. Skyline denies the allegations contained in Paragraph 26 of Plaintiff’s Complaint.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f *et seq.***
**(Against Resolvion and Skyline)**

27. Skyline incorporates by reference as though fully set forth herein its answers to Paragraphs 1 through 26 of Plaintiff's Complaint.

28. Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent Paragraph 28 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

29. Paragraph 29 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent Paragraph 29 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

30. Paragraph 30 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent Paragraph 30 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

31. Paragraph 31 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent Paragraph 31 of Plaintiff' Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

32. Skyline denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Skyline denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Skyline denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Skyline denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Skyline denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Skyline denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## COUNT II

### UNLAWFUL BREACH OF THE PEACE
### M.G.L. c. 106, § 9-609 *et seq.*
### (Against All Defendants)

38. Skyline incorporates by reference as though fully set forth herein its answers to Paragraphs 1 through 37 of Plaintiff's Complaint.

39. Paragraph 39 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent Paragraph 39 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

40. Paragraph 40 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent Paragraph 40 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

41. Skyline denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Paragraph 42 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent Paragraph 42 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

43. Paragraph 43 of Plaintiff's Complaint is unintelligible as written. To the extent Paragraph 43 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

44. Skyline denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

## COUNT III

**UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE**
**M.G.L. c.93A, § 9, *et seq.***
**(Against All Defendants)**

45. Skyline incorporates by reference as though fully set forth herein its answers to Paragraphs 1 through 44 of Plaintiff's Complaint.

46. Skyline denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Skyline denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Skyline denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

## COUNT IV

**CONVERSION**
**(Against All Defendants)**

49. Skyline incorporates by reference as though fully set forth herein its answers to Paragraphs 1 through 48 of Plaintiff's Complaint.

50. Paragraph 50 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent Paragraph 50 can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

51. Skyline denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Skyline denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Skyline denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Skyline denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

**DEMAND FOR TRIAL BY JURY**

55. Paragraph 55 of Plaintiff's Complaint consists of a jury demand to which no response is required. To the extent Paragraph 55 of Plaintiff's Complaint can be construed to allege facts against Skyline, or otherwise requires a response, Skyline denies the allegations.

**WHEREFORE,** Defendant, Skyline Recovery Service, denies Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of further answer, Skyline states Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of further answer, Skyline states Plaintiff expressly waived or released all claims against Skyline.

### THIRD AFFIRMATIVE DEFENSE

By way of further answer, Skyline states its actions, and those of its employees and agents, were reasonable, justified, in good faith at all times, and carried out with sufficient legal cause and in conformity with settled legal principles.

### FOURTH AFFIRMATIVE DEFENSE

By way of further answer, Skyline states it, its employees, and agents at all times acted reasonably and with a good faith belief their actions were lawful and not in violation of any federal or state right or law.

### FIFTH AFFIRMATIVE DEFENSE

By way of further answer, Skyline states Plaintiff's claims are barred insofar as Plaintiff

consented to the actions of Skyline, its employees, and agents.

**SIXTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states if Plaintiff suffered any injury or damage as alleged, which Skyline expressly denies, such injury or damage was caused by Plaintiff's own actions or omissions, and, therefore, Plaintiff's claims are barred by her contributory or comparative negligence.

**SEVENTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states any damages incurred by Plaintiff as alleged, which Skyline expressly denies, were the result of Plaintiff's own intentional conduct, and Plaintiff, therefore is barred from recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states Plaintiff's claimed injuries or damages, which Skyline expressly denies, were caused, in whole or in part, by Plaintiff's violations of statutes, ordinances, regulations, policies, or other legal authority governing the conduct of the parties at the time said injuries or damages were sustained.

**NINTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states it is not liable because its actions, and the actions of its employees and agents, were privileged.

**TENTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states its actions, as alleged in Plaintiff's Complaint, were neither the actual nor proximate cause of any damages alleged damages suffered by Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states Plaintiff has failed to mitigate her alleged damages.

**TWELFTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states Plaintiff's claims are barred by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states Plaintiff's claims are preempted by federal law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states the damages alleged in Plaintiff's Complaint were the result of supervening or intervening causes unrelated to any acts of Skyline, its employees, or agents.

**FIFTEENTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states Plaintiff has failed to adequately plead any special damages and, further, cannot recover because she has not suffered any damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states Plaintiff's claims are barred because they are moot.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states this Court lacks both personal and subject matter jurisdiction over the allegations set forth in Plaintiff's Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states, if Plaintiffs suffered damages as alleged, which

Skyline expressly denies, such damages were caused by someone for whose conduct Skyline was not, or is not, legally responsible.

**NINETEENTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states its actions were protected by law and/or legal process, and Plaintiffs are barred from recovery thereunder.

**TWENTIETH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states it did not exercise dominion over Plaintiff's personal property, without right, and it did not deprive Plaintiff of the use and enjoyment of any property.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states Plaintiff has not satisfied the conditions precedent to assert a claim under Mass. Gen. L. c. 93A, including, but not limited to, proper notice and demand to proceed with a Consumer Protections Act claim against Skyline.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states Plaintiff will be unable to maintain allegations of willful or knowing violations of Mass. Gen. L. c. 93A, § 2.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states the allegations set forth in Plaintiff's Complaint do not constitute unfair methods of competition or unfair or deceptive acts or practices within the meaning of Mass. Gen. L. c. 93A.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states it has not refused to grant relief, or made a refusal in bad faith, to any valid demand by Plaintiff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states Plaintiff's claims are barred by insufficient process or insufficient service of process.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

By way of further answer, Skyline states the allegations set forth in Plaintiff's Complaint are wholly insubstantial, frivolous, and not advanced in good faith; therefore, Skyline is entitled to recover reasonable counsel fees, costs, and expenses incurred in defense of said allegations.

**WHEREFORE**, Defendant, Skyline Recovery Service, requests Plaintiff's Complaint be dismissed with prejudice, with reasonable costs and attorneys' fees awarded to it.

**DEMAND FOR JURY TRIAL**

Defendant, Skyline Recovery Service, hereby requests a trial by jury on all issues.

The Defendant,
SKYLINE RECOVERY SERVICE (MISNOMER),
By Its Attorney,

/s/ Amanda C. Basta

Amanda C. Basta, Esquire #655037
Hassett & Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, MA 01608
Telephone: (508) 791-6287
Facsimile: (508) 791-2652
Email: abasta@hassettdonnelly.com

Dated: August 5, 2026

**CERTIFICATE OF SERVICE**

I, Amanda C. Basta, Esquire, counsel of record for Defendant, Skyline Recovery Service (misnomer), in this action, hereby certify that a true copy of the foregoing was served electronic mail, this 5th day of August, 2026, upon the following counsel of record:

***Counsel for Plaintiff, Robin Astore:***
Kevin Crick, Esquire
Rights Protection Law Group, PLLC
75 State Street, Suite 100
Boston, MA 02109
k.crick@rightsprotect.com

Yitzchak Zelman, Esquire
Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Ashbury Park, New Jersey 07712
yzelman@marcuszelman.com

***Counsel for Defendant, Santander Consumer USA, Inc.:***
Elizabeth J. Fegreus, Esquire
Michael T. Grant, Esquire
Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
efegreus@duanemorris.com
mtgrant@duanemorris.com

***Counsel for Defendant, Resolvion, LLC:***
Sherman Silverstein, Esquire
308 Harper Drive, Suite 200
Moorestown, NJ 08057
bluckman@shermansilverstein.com

Mardic A. Marashian, Esquire
Bonin & Marashian
1167 Massachusetts Avenue, Suite 408
Arlington, MA 02476
mardic@boninmarashian.com

/s/ Amanda C. Basta
Amanda C. Basta, Esquire